IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION

RSL FUNDING, LLC,                §
                                 §
        Plaintiff,               §
                                 §
v.                               §      CIVIL ACTION NO. H-13-2058
                                 §
JERRY M. GREEN,                  §
                                 §
                                 §
        Defendant.               §

### MEMORANDUM AND RECOMMENDATION

Pending before the court is Intervenor Transamerica Life Insurance Company and Transamerica Annuity Service Corp. ("Transamerica")'s motion to dismiss for lack of subject matter jurisdiction and for reconsideration of its motion for sanctions.[1] The court has considered the motion, the responses, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Transamerica's motion to dismiss be **GRANTED** and its request for reconsideration of sanctions be **DENIED**.

### I. Case Background

Plaintiff RSL Funding, Inc. ("Plaintiff") brought this action against Defendant Jerry M. Green ("Defendant") on July 12, 2013, to confirm an arbitration award.[2] Although the court originally confirmed the arbitration award on August 23, 2013, that judgment

---

    [1]   See Intervenor's Mot. to Dismiss & for Reconsideration, Docket Entry No. 100.

    [2]   Pl.'s Compl., Docket Entry No. 1.

was later vacated on January 23, 2014, following the vacature of Florida state court orders compelling arbitration and confirming the arbitration award.[3]  In addition to vacating the final judgment, this court stayed arbitration and extended a temporary restraining order against Plaintiff.[4]  Additionally, the court stated that as it did not appear that Plaintiff had a viable arbitration award to enforce, Plaintiff was to advise the court within fourteen days whether it intended to continue this action in light of the Rooker-Feldman doctrine.[5]  Instead of responding to the district court's January 23, 2014 order, Plaintiff appealed to the Fifth Circuit on January 29, 2014.[6]

On September 3, 2014, Transamerica filed two motions for sanctions under Federal Rule of Civil Procedure ("Rule") 11 and 28 U.S.C. § 1927 ("Section 1927").[7]  On January 22, 2015, the court issued a memorandum and recommendation on Transamerica's motion to dismiss and motion for sanctions.[8]

On January 23, 2015, the Fifth Circuit issued an order

---

[3]   See Order Granting Mot. to Confirm Arbitration Award, Docket Entry No. 9, Final J., Docket Entry No. 10, Order Granting Mot. for Relief from J., vacating Final J., Docket Entry No. 62.

[4]   See Order Granting Mot. for Relief from J., vacating Final J., Docket Entry No. 62.

[5]   See id.

[6]   See Pl.'s Not. of Appeal, Docket Entry No. 65.

[7]   See Intervenor's Mot. for Sanctions, Docket Entry Nos. 83, 84.

[8]   See Mem. & Rec. Dated Jan. 22, 2015, Docket Entry No. 97.

dismissing Plaintiff's appeal for lack of subject-matter jurisdiction and dismissing Plaintiff's motion to amend its pleadings and to remand the case to district court.[9]

On February 5, 2015, Transamerica filed a motion to dismiss and for reconsideration of the denial of its motion for sanctions, relying on the Fifth Circuit's mandate.[10] Transamerica also objected to the court's January 22, 2015 Memorandum and Recommendation on the grounds that the Fifth Circuit's January 23, 2015 decision mooted the recommendation.

On March 4, 2015, the court sustained Transamerica's objections to the Memorandum and Recommendation and mooted the January 22, 2015 Memorandum and Recommendation, finding that the Fifth Circuit dismissed the case for lack of subject matter jurisdiction.[11]

Plaintiff filed a response in opposition to Transamerica's motion to dismiss on March 30, 2015, continuing to assert that the Fifth Circuit's dismissal was for a lack of appellate jurisdiction only.[12]

## II.  Standard of Review

---

[9]   See January 23, 2015 Mandate by the Fifth Circuit, Docket Entry No. 98.

[10]   See Intervenor's Mot. to Dismiss & for Reconsideration, Docket Entry No. 100.

[11]   See Ord. Dated Mar. 4, 2015, Docket Entry No. 103.

[12]   See Pl.'s Opp'n to Transamerica's Mot. to Dismiss, Docket Entry No. 104.

It is well-settled that federal courts are courts of limited jurisdiction and may exercise jurisdiction over cases only as authorized by the United States Constitution and the jurisdictional statutes.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001).

Rule 12(b)(1) allows parties to challenge the district court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction where the court lacks the statutory or constitutional power to adjudicate the case."  <u>Home Builders Ass'n of Miss., Inc. v. City of Madison</u>, 143 F.3d 1006, 1010 (5th Cir. 1998).  The court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III.  Analysis

**A.  <u>Subject Matter Jurisdiction</u>**

The parties dispute whether this court has subject matter jurisdiction over the present dispute.  Transamerica argues that the Fifth Circuit found that it lacked subject matter jurisdiction and cites to its briefing before the circuit court, wherein it argued that the court lacked both subject matter jurisdiction and appellate jurisdiction.  Transamerica also points to the appellate court's denial of Plaintiff's motion for leave to amend its pleadings on appeal or on remand with the district court as an implicit finding that the court dismissed Plaintiff's claims based

on a lack of subject matter jurisdiction and not simply a lack of appellate jurisdiction.

Plaintiff responds that the Fifth Circuit dismissed the case only for a lack of appellate jurisdiction, and that it should be permitted to amend its pleadings to correct what it deems to be a pleading defect.

The mandate rule, a corollary of the law of the case doctrine, provides that a district court on remand must "implement both the letter and the spirit of the [appellate court's] mandate." Kapche v. City of San Antonio, 304 F.3d 493, 496 (5th Cir. 2002) (quoting Johnson v. Uncle Ben's, Inc., 965 F.2d 1363, 1370 (5th Cir. 1992)). A district court is therefore bound by the appellate court's mandate. Id. "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." Fuhrman v. Dretke, 442 F.3d 893, 897 (5th Cir. 2006).

As the court has already found, the Fifth Circuit determined that it lacked subject matter jurisdiction. The per curiam ruling stated, "It is ORDERED that Appellee's motion to dismiss the appeal for lack of subject matter jurisdiction is GRANTED."[13]  The circuit court had the opportunity to allow Plaintiff to amend its pleadings

---

[13] See Per Curiam Dec. of the Fifth Cir. Dated Jan. 23, 2015, Docket Entry No. 98.

5

or to remand to this court for the same purpose; instead, the court dismissed Plaintiff's motions and granted Transamerica's motion to dismiss for lack of subject matter jurisdiction.

Although the order does not explain the reasoning for this decision, it is clear that Plaintiff cannot allege facts to support a claim of subject matter jurisdiction and, therefore, cannot correct its pleadings.

As Plaintiff concedes, the Federal Arbitration Act ("FAA"), under which it originally sued, does not bestow federal jurisdiction, but requires an independent jurisdictional basis. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82 (2008). Plaintiff now seeks to assert subject matter jurisdiction based on 28 U.S.C. § 1332, which requires diversity of citizenship between all parties and an amount in controversy exceeding $75,000. When determining whether the amount in controversy requirement has been met, courts are to "look through to the possible award resulting from the desired arbitration." Webb v. Investacorp., Inc., 89 F.3d 252, 256 (5th Cir. 1996) (quoting Davenport v. Procter & Gamble Mfg. Co., 251 F.2d 511, 514 (2nd Cir. 1957)). Here, following the Florida state court's vacature of its previous orders, there is no arbitration award to confirm, and Plaintiff cannot meet the amount-in-controversy requirement.

This court has already determined that the Fifth Circuit's ruling concerning the lack of subject matter jurisdiction controls

under the mandate rule. Thus, the court recommends that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. In light of this recommendation, Transamerica's conditional motion for a voluntary dismissal of its counterclaim should also be granted.[14]

**B.  Reconsideration of Motions for Sanctions**

Transamerica also asks the court to reconsider its denial of sanctions against Plaintiff. In response, Plaintiff cites to the rejection of Transamerica's motion for appellate fees and costs by the Fifth Circuit.[15] Plaintiff argues that Transamerica's motion for sanctions is precluded by the law of the case doctrine, and that Transamerica has not established an improper motive for Plaintiff's jurisdictional defects.

The court retains jurisdiction to impose sanctions to enforce its rules, even in the absence of subject matter jurisdiction. Fleming & Assoc. v. Newby & Tittle, 529 F.3d 631, 637 (5th Cir. 2008). The court may therefore consider Transamerica's motion for sanctions even in the absence of other jurisdiction. See id.

Plaintiff is correct that the Fifth Circuit has ruled on one aspect of Transamerica's arguments for sanctions: that Plaintiff improperly filed an appeal rather than comply with an order of the

---

[14]  See Def.'s Mot. to Dismiss & for Reconsideration p. 5, Docket Entry No. 100.

[15]  See Exhibit B to Pl.'s Resp. to Def.'s Mot. to Dismiss, Order Denying Transamerica's Mot. for Sanctions, Docket Entry No. 102-2.

district judge.  The district court may not re-examine an issue of law or fact on remand.  Kapche, 304 F.3d at 496(citing Illinois Cent. Gulf R.R. v. International Paper Co., 889 F.2d 536, 539 (5th Cir. 1989)). A prior decision of the appellate court should be followed without re-examination unless (1) "the evidence on a subsequent trial was substantially different"; (2) "controlling authority has since made a contrary decision of the law applicable to such issues"; or (3) "the decision was clearly erroneous and would work a manifest injustice." Id.

The Fifth Circuit denied a motion for sanctions for Plaintiff's appeal of the district court's order.  This court sees no reason to re-examine the Fifth Circuit's decision with respect to the frivolousness of the appeal.

Transamerica's motion for sanctions additionally argues that Plaintiff unreasonably and vexatiously multiplied proceedings in violation of Section 1927, and that its previous filings violated Rule 11.

Rule 11 authorizes the court to impose appropriate sanctions for representations to the court that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation," and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11(b)(1),

(2). The court determines whether an attorney has violated Rule 11 according to the "snapshot" rule, which measures the conduct at the time of signing. F.D.I.C. v. Calhoun, 34 F.3d 1291, 1296 (5th Cir. 1994).

Pursuant to Section 1927, the court may sanction counsel for "unreasonably and vexatiously" multiplying the proceedings in a case. Before assigning sanctions, the court must find "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002) (quoting Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998). Sanctions under Section 1927 are to be sparingly applied, and require a "detailed finding that the proceedings were both 'unreasonable' and 'vexatious.'" Calhoun, 34 F.3d at 1297.

Here, Plaintiff initiated this suit based on a Florida state court order of transfer.[16] At the time of filing, Plaintiff was in the midst of related litigation in Florida but had secured an order confirming an arbitration award.[17] Under the snapshot rule, Plaintiff presented a claim arguably warranted by existing law. Transamerica's argument that the underlying transfer order was later declared void does not give rise to sanctions under Rule 11. Transamerica's arguments that Plaintiff's other filings violated

---

[16] See Exhibit 7 to Pl.'s Compl., Order of Transfer, Docket Entry No. 1-7.

[17] See Intervenor's Compl., Docket Entry No. 15.

Rule 11 are similarly without merit: while Plaintiff was unsuccessful in its motions attempting to prevent Transamerica from intervening or to hold Transamerica in contempt, an attorney need not provide an absolute guarantee that his legal theory was correct, only that he has conducted an inquiry into the relevant law.  See id. at 1296.

Courts have awarded sanctions under Section 1927 in cases where a plaintiff has continually filed documents with the court in bad faith.  See Edwards, 153 F.3d at 246.  Here, Plaintiff did not comply with the district court's order to explain what, if any, claims it believed it could pursue, but the record reflects that Transamerica has initiated all filings in this case following Plaintiff's appeal of the district court's January 23, 2014 order. Although the court cannot condone all of Plaintiff's actions or its legal positions, which have on occasion lacked merit, it cannot find that Plaintiff has unreasonably and vexatiously multiplied the proceedings under Section 1927 under the present facts.

It is thus **RECOMMENDED** that Transamerica's request for reconsideration of sanctions be **DENIED**.

### III. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Transamerica's motion to dismiss for lack of subject matter be **GRANTED** and that its motion for reconsideration of sanctions be **DENIED** (Doc. 100).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 9th day of June, 2015.

_____
U.S. MAGISTRATE JUDGE